UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL HARPER,<br>　　　　Petitioner,<br>　　v.<br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al,<br>　　　　Respondents. | NO. CV 20-5261-JGB (KS)<br><br>ORDER: DISMISSING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; DENYING A CERTIFICATE OF APPEALABILITY |

## INTRODUCTION

On June 12, 2020, Daniel Harper ("Petitioner"), who is currently in California custody and housed at the California Medical Facility in Vacaville, California, filed a 28 U.S.C. § 2254 habeas petition ("Petition") (Dkt. No. 1) and application to proceed *in forma pauperis* (Dkt. No. 3). The Petition asserts that, on October 2, 2019, Lancaster State Prison Correctional Officer Winfeld sexually harassed Petitioner by ordering Petitioner to strip naked so that he could see Petitioner's "sexy white ass." (Petition at 5-6.) Petitioner previously filed an identical petition, which the Court dismissed for failure to state a cognizable claim for habeas relief. *See Daniel Harper v. California Department of Corrections and Rehabilitation et al,*

1

CV 20-4746-JGB (KS) (June 5, 2020). For the same reasons, which are discussed below, the instant Petition is also summarily dismissed for failure to state a cognizable claim under Section 2254.

## DISCUSSION

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 ("Habeas Rules"), requires a district court to dismiss a petition, without ordering a responsive pleading, when "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." In this case, pursuant to Habeas Rule 4, summary dismissal of the Petition without prejudice is required. *See Bostic v. Carlson*, 884 F.2d 1267, 1269–70 (9th Cir.1989) (affirming district court's dismissal of a Section 2241 petition under Habeas Rules 1(b) and 4).

A habeas corpus petition under 28 U.S.C. § 2254 is the proper vehicle for a state prisoner's challenge to validity or length of his sentence, but challenges to a prisoner's conditions of confinement must be brought through a civil rights action. *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005); *and see Nettles v. Grounds*, 830 F.3d 922, 931 (9th Cir. 2016) (adopting "the Supreme Court's strong suggestion that a § 1983 action is the exclusive vehicle for claims that are not within the core of habeas."). A civil rights action is the "proper remedy" for a prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Preiser v. Rodriguez*, 93 S. Ct. 1827, 1841 (1973). "[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of that core [of habeas relief] and may be brought pursuant to § 1983 in the first instance." *Nelson v. Campbell*, 541 U.S. 637, 642 (2004). In *Dotson*, the Supreme Court held that a claim that would not necessarily result in a speedier or immediate release "does not lie at the core of habeas corpus." *Dotson*, 544 U.S. at 86 (Scalia, J., concurring).

## I. The Petition Fails to State a Habeas Claim.

Petitioner challenges alleged sexual harassment by a correctional officer at Lancaster State Prison. (Petition at 2, 5-6.) Petitioner does not challenge his underlying conviction, the execution of his sentence, or the fact or duration of his custody or incarceration. Instead, Petitioner's sole claim challenges the actions by a correctional officer that have no bearing on the fact or duration of his confinement. Because success on this claim would not necessarily spell Petitioner's speedier release from custody, it falls outside the core of habeas relief and may be brought only as a civil rights challenge to the conditions of Plaintiff's confinement under 42 U.S.C. § 1983.

## II. The Court Declines to *Sua Sponte* Convert the Petition into a Civil Rights Action.

The Court may construe a flawed habeas petition as a civil rights action. *See Wilwording v. Swenson*, 404 U.S. 249, 251 (1971), *overruled on other grounds by Woodford v. Ngo*, 548 U.S. 81 (2006). Converting the Petition to a Section 1983 complaint would be improper in this instance, however, because: (1) the Petition was not accompanied by the $400 filing fee; (2) the Petition was not accompanied by an application to proceed *in forma pauperis* supported by all of the requisite documentation and an authorization to have the $400 filing fee deducted from Petitioner's trust account pursuant to 28 U.S.C. § 1915(b)[1]; and (3) Petitioner has not identified how Respondent California Department of Corrections and Rehabilitation participated in, or could otherwise be found liable for, the alleged misconduct of Officer Winfeld in a civil rights suit.

Dismissal of this action at the pleading stage would not end Petitioner's obligation to pay that $400 filing fee. In addition, the Court would be obligated to screen the converted

---

[1] Because Petitioner is a prisoner, 28 U.S.C. § 1915(b) requires him to pay "the full amount of a filing fee," although he may do so through monthly payments rather than prepaying the entire amount.

3

...

Petition pursuant to the screening provisions of the Prisoner Litigation Reform Act of 1995. See 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c)(1). Finally, if the converted Petition ultimately were dismissed for failure to state a claim upon which relief may be granted, that dismissal could count as a "strike" against the Petitioner for purposes of 28 U.S.C. § 1915(g), which provides that a prisoner who has three "strikes" — i.e., prior actions dismissed on the grounds that they are frivolous, malicious, or fail to state a claim upon which relief may be granted — may not bring an action or appeal without prepayment of the full filing fee unless "the prisoner is under imminent danger of serous physical injury." Thus, the Court finds it is appropriate to dismiss the Petition, without prejudice, so that Petitioner may determine whether or not he wishes to raise the claims in a properly submitted civil rights complaint. **To that end, the Clerk is directed to send Petitioner a copy of the Central District's form civil rights complaint with this Order.**

Accordingly, for the foregoing reasons, it is ORDERED that the Petition shall be DISMISSED WITHOUT PREJUDICE.

\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\
\\

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case. *See* 28 U.S.C. § 2253 (c) (2); *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: June 18, 2020

JESUS G. BERNAL
UNITED STATES DISTRICT JUDGE

Presented by:

KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE